[Civ. No. 7749. First Appellate District, Division Two.—February 4, 1931.]

MABEL A. BALLARD, Respondent, v. OLIVE KRUG, Appellant.

Newman, Haas & Schwartz and Samuel Newman for Appellant.

Paul Barksdale D'Orr, Joseph N. Beardslee and Thomas A. Reynolds for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages alleged to have been incurred by reason of slander. The defendant answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from the judgment entered thereon the defendant has appealed and has brought up typewritten transcripts.

In her first point the defendant devotes a large amount of space to the motive which prompted the plaintiff to commence this action. If in filing her complaint the plaintiff acted within her legal rights her action in that respect is not converted by a bad motive into an unlawful act. Furthermore, in so far as the plaintiff's motives threw any light on the truth of the charges made by her, in support of the judgment, we must assume that the jury gave due weight

to everything the defendant presented regarding the motive of the plaintiff. Under this heading the defendant calls to our attention many items of evidence which she claims to be inconsistent or improbable. Of course all of these matters were for the consideration of the jury and not of a court of review.

The jury returned a verdict in the sum of $30,000. The defendant claims the verdict was excessive. The point has no merit whatsoever in the instant case. The specifications of the slanderous words were such that if the jury believed the alleged words had been spoken and that they were not true, it is then quite clear that the slander was so atrocious that there is no room for claiming that the verdict was excessive.

It is asserted that the court erred in refusing to give an instruction worded as follows: "The Court instructs the jury that the failure to call an available witness possessing peculiar knowledge concerning facts essential to the party's cause, direct or rebutting, or to examine such witness as to the facts covered by his special knowledge, especially if the witness be naturally favorable to the party's contention, relying instead upon the evidence of witnesses less familiar with the matter, gives rise to an inference, sometimes denominated a 'strong presumption of law', that the testimony of such uninterrogated witness would not sustain the contentions of such party in suit." A most cursory reading of the proposed instruction shows that it is not sound law. Nor was it applicable to any evidence in the case. One Casey Jones was residing at the time of the trial at a place apparently within the jurisdiction of the trial court. He was not called as a witness by the plaintiff. The record discloses no reason why the plaintiff should have called him. Furthermore it discloses no reason why the defendant did not call him if the defendant so desired.

The trial court instructed the jury as follows: "If you believe from the evidence in this case that the defendant made the statements alleged in the complaint, then such statements would be slanderous *per se* as charging the plaintiff with a crime and imputing to her a want of chastity." The defendant asserts that the meaning of the instruction was to the effect that every alleged statement of the defendant was slanderous *per se*. Thereupon she is at pains to

attempt to show that some of them were not. In the first place the instruction is susceptible of being limited to some of the alleged slanderous statements. In the second place the court gave another instruction which covered the entire subject matter and which was entirely unobjectionable. Reading those instructions together it is perfectly clear that the defendant was not injured. Furthermore it is not at all clear that every single statement alleged in the complaint was not slanderous *per se*. However we do not feel called upon to enter into an examination of the subject nor to express an opinion thereon.

In her fourth point· the defendant asserts that the conduct of counsel for the plaintiff was improper during the trial of the action, to the prejudice of the defendant. Thirty pages of her printed brief are devoted thereto. The record shows that the defendant did not at any time object to the conduct of plaintiff's attorney, she did not at any time ask the trial court to rebuke him, nor did she at any time assign anything as misconduct. She has made extended quotations from the record. We have examined those quotations and we have examined the record itself, and we find no trace of error.

Finally the defendant makes the point that the trial court erred in refusing to admit certain testimony. The record discloses that Mr. Beardslee was one of the attorneys for the plaintiff and that Mr. Roy Fish was an officer of the American Mortgage Company. It also shows that Mr. Fish transacted some business with the defendant. The record does not disclose any other authority resting in either. The complaint was filed September 1, 1927. The defendant called Mr. Fish as a witness and he stated that he had a conversation with Mr. Beardslee in 1928. Later the defendant offered to prove by Mr. Fish that in that conversation Mr. Beardslee stated that if Mrs. Krug would buy a certain mine from the plaintiff and her son that all pending litigation would be dismissed. The court refused to receive the evidence. It needs no citation of authority to show that the ruling of the trial court was not error.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 6, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 2, 1931.

Seawell, J., and Shenk, J., dissented.